IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES WESTERBY | § | |
| v. | § | CIVIL ACTION NO. 5:24cv72 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Petitioner Charles Westerby, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. § 2254 complaining of the failure of prison officials to release him on parole. The petition has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas.

Petitioner says that he is serving a 60-year sentence out of Randall County. Although he says that he was "given no reason" for his conviction, TDCJ records show that he received a 60-year sentence from Randall County in 1991 for an offense committed in 1984.

Petitioner asserts that under a law passed in 1965, he only had to serve 20 years to get released on parole. He says that "I Charles Westerby after 20 years should have got release on 60 year [] sentence, parole mess over by 14 year, ask this court for release." (Dkt. No. 1, p. 14).

Discussion

The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. *Creel v. Keene*, 928 F.2d 707, 712 (5th Cir. 1991); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). Because Texas inmates have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures. *Johnson*

*v. Rodriguez*, 110 F.3d 299, 308 (5th Cir.1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).

In *Wion v. Jenkins*, civil action no. A-10-CA-84, 2010 U.S. Dist. LEXIS 129083, 2010 WL 5067658 (W.D.Tex., December 7, 2010), *aff'd* 484 F.App'x 943 (5th Cir. 2012), a civil rights lawsuit, the plaintiff Barry Wion stated that he had been convicted of aggravated sexual assault of a child in 1984 and was eligible for parole after service of 20 years. However, he was denied parole in 2004 and 2007 under guidelines he said were enacted or implemented after his conviction and then applied retroactively to him. The court held that because there is no liberty interest in release on parole, an inmate who has met the minimum requirement for time served is not automatically entitled to release on parole but is only entitled to a review to determine whether or not he should be released on parole. Thus, the fact that Wion had not been released on parole, despite being reviewed for such release, did not set out a constitutional claim.

The TDCJ website shows that Petitioner became eligible for parole in 2010. His last review was on November 8, 2021, and he was denied based on reason 2D, which reads as follows: "2D nature of offense - the record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety." His next parole review is set for November of 2024.[1]

Like the plaintiff in *Wion*, Petitioner was convicted in 1984. He became eligible for parole in 2010 but has been denied, most recently in 2021. He has no constitutionally protected liberty interest in release on parole and so the fact that he was denied release despite having served the time required to become eligible does not set out a constitutional violation. In the absence of a liberty interest in release on parole, Petitioner's application for habeas corpus relief is without merit.

---

[1] *See* Texas Department of Criminal Justice, Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=03436536 [https://perma.cc/TH2T-9AJQ].

Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

The prerequisite for a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner has not shown, nor does the record indicate, that jurists of reason could disagree with the district court's resolution of his claims or that the issues presented are adequate to deserve encouragement to proceed further. Consequently, he is not entitled to a certificate of appealability.

RECOMMENDATION

It is accordingly recommended that the above-styled application for the writ of habeas corpus be dismissed with prejudice. It is further recommended that a certificate of appealability be denied *sua sponte*.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is

found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

SIGNED this the 31st day of May, 2024.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE